Luis Carlos ARANGO, a/k/a Carlos Luis Arango, Florida Inmate No. 075042, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, Respondent-Appellee.

No. 83-5421.

United States Court of Appeals, Eleventh Circuit.

July 31, 1984.

Sharon B. Jacobs, Chaykin, Karlan & Jacobs, Coral Gables, Fla., for petitioner-appellant.

Penny H. Brill, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion September 23, 1983, 11 Cir., 1983, 716 F.2d 1353).

Before RONEY, FAY and ANDERSON, Circuit Judges.

### BY THE COURT:

In this case, because of special circumstances known to the Court, we vacated the denial of habeas corpus relief, 563 F.Supp. 1181, and remanded the case to the district court to wait until collateral claims in the state court either rendered the federal claims moot or were exhausted so that they could be joined with the federal petition, if the petitioner so desired.

■ The state's petition for rehearing suggests that the action taken in this case creates a precedent by which death sentence petitioners can implement delaying and dilatory tactics inconsistent with the thrust of such decisions as in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), *Barefoot v. Estelle,* —— U.S. ——, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), and *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir.1978) (en banc).

The decision in this case should be of little use in accomplishing such a purpose. A stay of execution of the state judgment is not involved in this case. This decision should furnish no authority upon which to base a federal stay of execution while a petitioner exhausts unasserted claims. It does not suggest that a petitioner can pursue exhausted claims and at the same time not waive unasserted, unexhausted claims. Nor does this decision indicate the state somehow loses its opportunity to assert successive petition defenses if known but unasserted claims are later brought to the federal court. It does not decide whether a federal court would err in dismissing a petition asserting only exhausted claims where the petitioner refuses to waive unasserted claims which are being actively pressed in the state courts. Any time that a district court knows a petitioner is attempting to piecemeal claims to delay ultimate termination of litigation, the law as to the abuse of the writ might well involve first petitions as well as successive petitions. This case does not touch on those issues.

■ When a district court is presented with a federal habeas corpus petition raising only exhausted claims, the court is not required to grant a continuance if the petitioner has other claims still pending in state court. *Thompson v. Wainwright,* 714 F.2d 1495, 1500 (11th Cir.1983). The court can treat the petition and motion for continuance as, in effect, presenting a mixed petition and dismiss it. *See Rose v. Lundy,* 455 U.S. 509, 518–19, 102 S.Ct. 1198, 1203–04, 71 L.Ed.2d 379 (1982). In the alternative, the petitioner can waive his right to federal habeas corpus relief on the unexhausted claims.

The law concerning these issues is unaffected by the handling of this case, where a

state court has seen sufficient merit in an unexhausted claim to direct an evidentiary hearing, and where no federal stay of execution is involved.

The decision in this case was based on the unusual circumstances of this case, grounded in judicial economy and with full knowledge that a decision on this appeal might not terminate this litigation and might be rendered moot.

The petition for rehearing is DENIED, and no member of this panel nor other Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the Suggestion for Rehearing En Banc is DENIED.